Janet VALADEZ, Appellant,

v.

Linda AVITIA and Basilio
Avitia, Appellees.

No. 08–06–00144–CV.

Court of Appeals of Texas,
El Paso.

Oct. 18, 2007.

Janet Valadez, Fabens, TX, appellant pro se.

Basilio and Linda Avitia, El Paso, for Appellees.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

Appellant, Janet Valadez, appeals the trial court's entry of a default judgment in favor of Linda and Basilio Avitia ("the Avitias") for violations of the Texas Deceptive Trade Practices Act and breach of contract. Because Appellant has failed to comply with Tex.R.App. P. 38.1, any issues presented for review have been waived. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Avitias filed this lawsuit on February 23, 2006, alleging violations of the Texas Deceptive Trade Practices Act and breach of contract related to the sale of a bakery located in Fabens, Texas. According to the petition, Valadez signed a contract for the sale of "Fabens Bakery # 1," including the location, various items of personal property, and goodwill, on February 4, 2005. The Avitias agreed to pay $27,000 for the business. Following the sale, however, the Avitias claimed that equipment and other items, which they had been informed were included in the sale, had been removed from the premises by third parties. The Avitias further alleged that Valadez continued to publicly claim ownership of the business following the sale and took several actions which devalued the business. Valadez was served with notice of the suit on March 27, 2006, but failed to file an answer. The trial court entered a default judgment in the case on May 12, 2006.

Valadez filed this appeal, *pro se,* on June 6, 2006. By an order dated September 19, 2006, we notified Valadez that her brief was not in compliance with the Texas Rules of Appellate Procedure and would not be filed. Valadez was given until October 19, 2006, to file a brief in compliance with Rule 38.1. Valadez re-submitted her brief on October 19. The brief consists of two and one-half pages in which Valadez explains that she was not able to answer the underlying suit due to personal and medical problems. The remainder of the text consists of twelve numbered paragraphs in which Valadez recounts her version of the events leading up to the Avitias' lawsuit. The brief does not contain a statement of issues which Valadez would have this Court review and lacks citation to any legal authority. *See* Tex.R.App. P.

38.1. Because Valadez's brief is not in compliance with the Rules of Appellate Procedure, she has waived any issues she may have intended for this Court to address.

## DISCUSSION

■■■ Initially we must note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.-El Paso 2006, no pet.). A *pro se* litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. struck). If this were not the rule, *pro se* litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Id.* Therefore, we will not make allowances or apply different standards, because a case is presented by a litigant acting without the advice of counsel. *See id.*

■■■ The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* Tex.R.App. P. 38.1. One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. Tex.R.App. P. 38.1(e). An issue presented in an appellant's brief is sufficient, if it directs the reviewing court's attention to the error about which the complaint is made. *Martinez*, 218 S.W.3d at 844. The appellant's brief must also contain a clear and concise argument, including appropriate citations to authority and the record. *See* Tex. R.App. P. 38.1(h). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Sweed*, 195 S.W.3d at 786. Failure to cite legal authority or provide substan-

tive analysis of the legal issue presented results in waiver of the complaint. *Martinez*, 218 S.W.3d at 844 (citing *Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex.App.-El Paso 1997, no writ)).

■■■ It is the Appellant's burden to discuss her assertions of error. *Id.* An appellate court has no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error. *Id.* Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.* (citing *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.-Amarillo 2003, pet. denied)). In the review of a civil case, the appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require. *Id.* (citing *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex.App.-Tyler 2004, no pet.)).

As we have discussed above, Valadez's brief does not contain any legal analysis or citation to legal authority. She has not identified an issue for review. It would be inappropriate for this Court to attempt to re-draft and articulate what we believe Valadez may have intended to raise as error on appeal. *See id.* at 845. Due to Valadez's failure to comply with the requirements of Texas Rule of Appellate Procedure 38, she has waived her issues on appeal. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994). Finding that Appellant has failed to raise an issue for review, we affirm the trial court's judgment.