

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00332-CR

**WENEN W. JOHNSON,**

                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                               **Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 08-04324-CRF-361

## MEMORANDUM  OPINION

Wenen Johnson was convicted of possession of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2010). He pled true to two enhancement paragraphs and was sentenced to 40 years in prison. We affirm.

Johnson was arrested in a trailer house in Bryan, Texas. When the chair in which Johnson had been sitting at the time of his arrest was searched, police officers found 3.44 grams of cocaine.

In his first issue, Johnson contends that the trial court erred denying his motion to suppress. Johnson breaks this issue down into sub-parts, one of which is that the trial court erred in determining Johnson had no standing to contest the search because the trial court relied on the State's witness, who it found to be credible, and not Johnson's witness, who it found to be not credible. Johnson argues on appeal that he had standing because he lived at the residence searched.

*Applicable Law*

An unconsented police entry into a residence constitutes a "search" within the meaning of the Fourth Amendment of the United States Constitution and Article I, § 9 of the Texas Constitution with respect to those persons who have a legitimate expectation of privacy in the residence. *Villarreal v. State*, 935 S.W.2d 134, 136 n.2 (Tex. Crim. App. 1996). Standing is an individual's right to complain about an allegedly illegal governmental search and thus to exclude evidence. *Id*. at 137; *Davis v. State*, 119 S.W.3d 359, 366 (Tex. App.—Waco 2003, pet. ref'd). To have standing to complain about the legality of a governmental search, a person must show that he personally had a reasonable expectation of privacy. *Villarreal*, 935 S.W.2d at 137, *citing Rakas v. Illinois*, 439 U.S. 128, 143, 99 S. Ct. 421, 430, 58 L. Ed. 2d 387, 401 (1978); *Davis,* 119 S.W.3d at 366.

In reviewing a motion to suppress, we review de novo a trial court's application of law to the facts, but we defer to the trial court on determinations of credibility and historical fact. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). Accordingly, the factfinder is empowered, on the basis of credibility and demeanor evaluations, to

completely disregard a witness's testimony, even if that testimony is uncontroverted. *Kelly v. State*, 163 S.W.3d 722, 727 (Tex. Crim. App. 2005).

*Testimony*

Howard Davenport, a landlord by trade, was called by Johnson to testify at the motion to suppress hearing. Davenport stated he owns the trailer that was searched but did not live there. He rented the place to Johnson for $300 a month. However, Davenport only knew Johnson in passing and only by his first name. Davenport thought he had a signed lease agreement with Johnson but did not look at it before testifying. Davenport also did not know if anyone else was on the lease besides Johnson or if anyone else was staying there. Davenport had no idea when Johnson signed the lease. He said Johnson had been living at the trailer four to six months prior to the search but did not know when Johnson started living there. He said Johnson paid cash for the rent. Davenport also did not know how payment for the utilities was arranged. He did not know if they were under his name or the tenant's name. He assumed that if someone moved into the trailer, it would be that person's responsibility to set up the utilities.

Kevin Stuart, a sergeant for the Intake/Release Division of the Brazos County Sheriff's Office, testified for the State that he reviewed Johnson's book-in and arrest records and the records showed that Johnson lived at an address different from where he was arrested. Stuart also testified that either the intake officer will ask the arrested person where he lives or the arresting officer will ask and will write it on the arrest report that is given to the intake officer.

*Conclusion*

After reviewing the evidence in light of the deference afforded the trial court, we find the trial court did not err in determining Davenport's testimony to be not credible and Stuart's testimony to be credible. On this basis then, the trial court did not err in its determination that Johnson lacked standing to contest the search. Because we find the trial court did not err, we need not address Johnson's remaining arguments under his first issue. Accordingly, Johnson's first issue is overruled.

## ARTICLE 38.23 INSTRUCTION

Johnson argues in his second issue that the trial court erred in denying his request for a jury charge instruction under article 38.23 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to genuine, disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-510 (Tex. Crim. App. 2007). To raise a disputed fact issue warranting an Article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Id*. at 513. In this context, a cross-examiner's questions do not create a conflict in the evidence, although the witness's answers to those questions might. *Id*.

In his brief, Johnson does not state what affirmative evidence put the legality of the search into question. As the El Paso Court has appropriately stated:

> It is the Appellant's burden to discuss [] assertions of error. An appellate court has no duty--or even right--to perform an independent review of the

record and applicable law to determine whether there was error. Were we to do so, … we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). The requirement is no different for appellants in criminal cases. Accordingly, this issue is inadequately briefed and is overruled. TEX. R. APP. P. 38.1; *McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001).

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Affirmed
Opinion delivered and filed October 20, 2010
Do not publish
[CRPM]