Appellant’s Motion for Rehearing Denied; Majority and
Concurring Opinions of December 16, 2010, Withdrawn; Affirmed and Substitute
Majority and Concurring Opinions filed May 12, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00587-CV

___________________

 

Wilber Collins, Appellant

 

V.

 

Clarence Walker D/B/A Brotherhood Recycling,
Appellee



 



 

On
Appeal from the 129th District Court

Harris County,
Texas



Trial Court Cause No. 2006-38481

 



 

 

SUBSTITUTE MAJORITY OPINION

            Appellant, Wilbur Collins’s Motion for Rehearing is
overruled; the majority opinion of December 16, 2010 is withdrawn, and the
following substitute majority opinion is issued in its place.

            This
is an appeal by appellant from a judgment in favor of appellee, Clarence Walker
d/b/a Brotherhood Recycling.  Finding no error, we affirm.

Factual and Procedural
Background

This litigation arose out of a dispute involving a
real estate lease.  Appellant owned the real estate and evicted appellee
because appellee allegedly violated terms of the lease.  Appellee then filed
suit against appellant alleging causes of action for breach of contract,
promissory estoppel, wrongful eviction, fraud, and trespass to try title.  The
dispute went to trial before the court without a jury.  The trial court ruled
in favor of appellant on all of appellee’s causes of action except promissory
estoppel.  On the promissory estoppel claim, the trial court found in favor of
appellee and entered judgment awarding appellee $2,796.00 in actual damages. 
In addition, the trial court awarded appellee $5,600.00 in attorney’s fees. 
The trial court entered findings of fact and conclusions of law as follows:

FINDINGS OF FACT

1.         Plaintiff Clarence Walker d/b/a Brotherhood
Recycling (“Mr. Walker”) is an individual and currently the sole proprietor of
Brotherhood Recycling.

2.         Defendant Wilber Collins (“Mr. Collins”) is an
individual who formerly owned the property located at … Crosby, Texas 77532
(the “Property”).

3.         Mr. Collins leased the Property pursuant to a
Commercial Lease Agreement (the “Lease Agreement”), dated August 30, 1999, to
David Lamon and Kenneth Washington.

4.         The Lease Agreement contained certain special
provisions which were typewritten into the agreement.

5.         The special provisions provided that the tenants
had the option to purchase the Property wherein the total rents paid would be
applied toward the same.

6.         The special provisions also provided that the
term of the rental would be as follows: (i) 43 monthly payments in the amount
of $700 dollars and 120 monthly payments in the amount of $467 dollars and (ii)
if the tenant failed to pay rent for two consecutive months, the tenants could
no longer exercise the option to purchase and would lose their deposit.

7.         Originally, David Lamon, Kenneth Washington, and
Mr. Walker were partners that did business as Brotherhood Recycling.

8.         Mr. Walker, although a partner with Brotherhood
Recycling, did not sign the Lease Agreement.  The Lease Agreement also did not
reference Brotherhood Recycling.  The Property, however, was used by
Brotherhood Recycling.

9.         Not long after the execution of the Lease
Agreement, David Lamon passed away.  A few years later, Kenneth Washington was no
longer affiliated with Brotherhood Recycling.  Mr. Walker became the sole de
facto tenant of the Property and as a sole proprietor of Brotherhood Recycling,
he continued to make payments to Mr. Collins for the Property.

10.       Mr. Collins allowed Mr. Walker to make certain
excess payments under the mistaken belief that he would eventually procure
title to the property [sic].

11.       Mr. Walker communicated his belief that he
thought he was purchasing the property [sic] from Mr. Collins as provided for
under the Lease Agreement.  Mr. Collins through his conduct also led him to
believe that this was the case, although Mr. Walker was never a signatory to
the Lease Agreement.

12.       As a result of Mr. Walker’s reliance on Mr.
Collins promises, he paid amounts in excess of what he would have required to
pay, as he believed the excess would eventually go to the purchase of the
Property.

13.       Attorneys’ fees in the amount of $5,600 are
reasonable and necessary.

14.       Any finding contained herein which is more
appropriately considered a conclusion of law shall be considered as such.

CONCLUSION OF LAW

1.         There was no express contract between Mr. Walker
and Mr. Collins regarding the subject matter of the Property.

2.         Mr. Walker detrimentally relied on the promises
of Mr. Collins and that such reliance was reasonable, substantial, and
foreseeable.  In order to avoid injustice, Plaintiff is entitled to damages
resulting from the foregoing reliance and unintentional windfall.

3.         The Court finds that Plaintiff, Mr. Walker, has
proven by a preponderance of the evidence that the sum of $2,796 as damages,
which, if paid now in cash, would fairly and reasonably compensate Plaintiff,
Mr. Walker, for his claim of promissory estoppel.

4.         The Court finds the Plaintiff, Mr. Walker, is
entitled to attorneys’ fees on his claim for promissory estoppel in the amount
of … Five Thousand Six Hundred Dollars ($5,600).

5.         Any conclusion of law contained herein which is
more appropriately considered a finding of fact shall be considered as such.

Appellant timely requested that the trial court
modify/amend its findings of fact and conclusions of law.  However, appellant’s
request for modified or amended findings and conclusions were all requests for
the trial court to omit its original findings and conclusions and to substitute
them with findings and conclusions contrary to the trial court’s decision in
the case.  Appellant’s request was overruled by operation of law.  This appeal
followed.

Discussion

            Appellant brings
two issues on appeal.  In his first issue, appellant contends the trial court
erred in rendering judgment in favor of appellee because the judgment is not
supported by all necessary findings of fact and conclusions of law and the trial
court erred when it refused to adopt appellant’s requested additional or
amended findings of fact and conclusions of law.  In his second issue,
appellant asserts the evidence is not legally or factually sufficient to
support the trial court’s judgment.  We address each issue in turn.

I.         Is
the judgment supported by all necessary findings of fact and conclusions of
law?

The judgment in this case awarded appellee damages on
his promissory estoppel cause of action.  The elements of promissory estoppel
are: (1) a promise, (2) foreseeability of reliance by the promisor, (3)
substantial and reasonable reliance by the promisee to its detriment, and (4) enforcing
the promise is necessary to avoid injustice.  Sipco Servs. Marine v. Wyatt
Field Serv. Co., 857 S.W.2d 602, 605 (Tex. App.—Houston [1st Dist.] 1993,
no writ).

There is a general presumption that judgments of
courts of general jurisdiction are valid.  Vickery v. Commission for Lawyer
Discipline, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied).  In a case tried before the court without a jury, in which there are
findings of fact and conclusions of law, the reviewing court will indulge every
reasonable presumption in favor of the findings and judgment of the trial court. 
Id. at 252.  No presumption will be indulged against the validity of the
judgment.  Id.  The presumption of validity may be rebutted.  Id. 
Because the presumption is always in favor of the validity of the judgment, the
burden of demonstrating error rests with the appellant.  Id.

After judgment is rendered in a bench trial, either
party may request findings of fact and conclusions of law.  Id. at 253
(citing Tex. R. Civ. P. 296).  However, because findings of fact and
conclusions of law can provide a basis for overcoming the presumption of
validity that extends to judgments and demonstrating error on appeal, they are
normally requested by the losing party.  Id.  When this occurs, the
trial court will, as a matter of practice, invite the prevailing party to
submit proposed findings and conclusions based upon its rulings.  Id. 
Therefore, it is normally the prevailing party in the trial court and the
appellee on appeal, who prepares proposed findings on specific elements
necessary to support the trial court’s judgment.  Id.  Following this,
the losing party, normally the appellant on appeal, may request additional
findings on omitted elements to prevent them from being deemed found on
appeal.  Id. at 254 (citing Tex. R. Civ. P. 298).  This fits with the
primary purpose of the Rules of Civil Procedure dealing with findings of fact
and conclusions of law: assisting the losing party in narrowing the issues on
appeal by ascertaining the true basis for the trial court’s decision.  Id.
at 255.  A request for negative findings contrary to the trial court’s judgment
has no logical or legal significance toward rebutting the presumption of
validity unless the trial court is specifically alerted to the real issue;
namely, that one or more necessary elements have been omitted in the trial
court’s original findings.  Id. at 256.

Here, both in the trial court and in his appellate
brief, appellant has not referred this court to specific and necessary elements
that were omitted from the trial court’s findings of fact and conclusions of
law.  Instead, appellant’s request for amended or modified findings of fact and
conclusions of law appears to be appellant’s protest that the trial court resolved
disputed facts against him.  Because appellant did not present any necessary
elements that were omitted from the trial court’s findings of fact and
conclusions of law, we conclude (1) that appellant has not rebutted the
presumption of validity that attaches to a trial court’s judgment; and (2) that
the trial court’s findings of fact and conclusions of law, when viewed from
that perspective, support the judgment.

In the second part of appellant’s first issue,
appellant complains that the trial court erred when it refused to adopt
appellant’s requested additional or amended findings of fact and conclusions of
law.  A trial court has no duty to make additional or amended findings that are
unnecessary or contrary to its judgment; a trial court is only required to make
additional findings and conclusions that are appropriate.  Id. at 254. 
In addition, the trial court is not required to make additional findings which
conflict with the original findings.  Id.  As pointed out above, all of
appellant’s requested additional or amended findings of fact and conclusions of
law were contrary to the trial court’s original judgment; therefore, we hold
the trial court was not required to adopt them.

We overrule appellant’s first issue. 

II.        Did appellant
waive his second issue?

            In his second
issue appellant asserts the evidence is legally and factually insufficient to
support the judgment.  However, appellant fails to cite any legal authority
under this issue.  The Texas Rules of Appellate Procedure control the required
contents and the organization for an appellate brief.  Valadez v. Avitia,
238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (citing Tex. R. App. P.
38.1).  An appellant’s brief must contain a clear and concise argument that
includes appropriate citations to legal authority.  Id.  This
requirement is not satisfied by merely uttering brief, conclusory statements
unsupported by legal citations.  Id.  Failure to cite legal authority
results in waiver of the complaint.  Id.  Because appellant’s second
issue does not comply with the requirements of Texas Rule of Appellate
Procedure 38, he has waived it on appeal.[1] 
Because it has been waived, we overrule appellant’s second issue.

                                                                        

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore. (Frost, J., Concurring).

 









[1] To the extent appellant’s
second issue could be construed as complaining about the lack of a reporter’s
record, we conclude that too is waived due to the failure to cite any legal
authority.  Tex. R. App. P. 38.