

# Fourth Court of Appeals
## San Antonio, Texas

September 9, 2014

No. 04-14-00380-CV

Leola **STUART**,
Appellant

v.

Estelita **JUDSON**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 391869
Honorable Tina Torres, Judge Presiding

# O R D E R

Appellant filed her brief on September 2, 2014. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38 in that it does not: (1) include a table of contents; (2) include an index of authorities; (3) include a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court; (4) include a statement of facts with record references; (5) include argument with *appropriate citation* to authorities and the appellate record; or (6) include an appendix. *See id.* R. 38.1(b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(f) requiring statement of issues presented, 38.1(g) (requiring statement of facts with record reference), 38.1(i) (requiring argument with appropriate citation to authority and record; 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument). Moreover, we cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal.

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before **September 19, 2014**. The amended brief must correct the violations listed above and fully comply with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief).

We recognize that appellant represents herself on appeal, i.e., is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present her case on appeal just as she is required to properly present her case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of September, 2014.

_____
Keith E. Hottle
Clerk of Court