

# Fourth Court of Appeals
## San Antonio, Texas

November 25, 2014

No. 04-14-00729-CV

Jeremiah **TOMBLY**,
Appellant

v.

**DEPARTMENT OF THE AIR FORCE**,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-14-0000304
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

Appellant filed his brief on November 24, 2014. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38 in that it does not contain:

(1) an identity of parties and counsel;
(2) a table of contents;
(3) an index of authorities;
(4) a statement of the case;
(5) a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court;
(6) include a statement of facts with record references;
(7) a summary of the argument;
(8) argument with appropriate citation to authorities and the appellate record;
(9) a prayer for relief; or
(10) an appendix.

*See id.* R. 38.1(a) (requiring identity of parties and counsel), (b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(d) (requiring statement of case); 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record reference), 38.1(h) (requiring requiring summary of argument, 38.1(i) (requiring argument with appropriate citation to authority and record), 38.1(j) (requiring prayer for relief); and 38.1(k) (requiring

appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument).

Additionally, appellant failed to: (1) sign the brief; (2) provide his mailing address; (3) provide his telephone number; (4) provide his fax number, if any; and (5) provide an email address. *See id.* R. 9.1(b). The front cover of the brief does not include all of the information required by Rule 9.4(g). *See id.* R. 9.4(g) (requiring front cover of filed document to contain case style, case number, title of document, name of party filing document, name and mailing address, telephone number, fax number, if any, and email of party). The brief also fails to include the certificate of service, showing proof of service on the opposing party or its counsel. *See* TEX. R. APP. P. 9.5(d), (e). Moreover, we cannot discern from appellant's brief the nature of the action, the relief granted or denied below, nor the exact nature of the complaints appellant is asserting on appeal.

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before December 29, 2014. The amended brief must correct the violations listed above and fully comply with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present her case on appeal just as she is required to properly present her case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of November, 2014.



Keith E. Hottle

Clerk of Court