

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00357-CV

**IN RE A PURPORTED LIEN OR CLAIM
AGAINST HELVETIA ASSET RECOVERY, INC.**

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18394
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 22, 2015

DISMISSED FOR WANT OF PROSECUTION

Following Appellant's filing of his first pro se brief, this court notified Appellant that the

brief failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP.

P. 38.1.  Our order stated,

> The brief violates Texas Rule of Appellate Procedure 38 in that it does not include
> record citations in the statement of facts and in the remaining portions of the brief,
> there are but few citations to the record. Instead, appellant has included hyperlinks
> to documents included in the appendix to his brief. Although these documents may
> be part of the record, the rules require appellant to include citations to the clerk's
> record and any reporter's record. Moreover, the few citations included in the record
> are confusing, and there is no legend to explain the method of citation used by
> appellant.
>
> Appellant must include references to the appellate record in his statement of facts
> and in the remaining portions of his brief; hyperlinks are insufficient. Although
> substantial compliance with Rule 38 is sufficient, this court may order a party to
> amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See* TEX. R.

APP. P. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.

We struck Appellant's brief and ordered him to file an amended brief that corrected the listed deficiencies and fully complied with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure). We warned Appellant that if the amended brief did not comply with our order, we could "strike the brief and prohibit appellant from filing another." *See* TEX. R. APP. P. 38.9(a); *see also id.* R. 42.3(c) (allowing dismissal of appellant's case if appellant fails to comply with requirements of Texas Rules of Appellate Procedure or order of court).

After Appellant filed an amended brief, Appellee filed a motion to strike Appellant's brief, a brief in support of the motion to strike Appellant's brief, a motion to dismiss the appeal, and Appellee's brief. We ordered that Appellee's motions would be carried with the appeal. Appellant subsequently filed a Second Amended Brief of Appellant and Reply Brief of Appellee's Brief.

Appellant's second amended brief identifies the parties, includes a table of contents, and sections titled Issues, Statement of the Case, Request for Oral Argument, Statement of Facts, and Prayer. Although the brief appears to include citations to exhibits and the reporter's record, the exhibits are not a part of the appellate record and the record citations do not comport with what Appellant contends or any pages contained within the appellate record. Appellant also failed to correct the improper use of hyperlinks to cite to documents in his appendix as opposed to the appellate record. Appellant's appendix and section entitled "Bookmarks, Hyperlinks, and Abbreviations of the Record" provides no assistance in clarifying incorrect, insufficient, irrelevant, and misleading citations. Appellant's brief also fails to provide a clear and concise argument as

required by Rule 38.1(i). *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Even liberally construing Appellant's second amended brief, we conclude it is wholly inadequate to present any questions for appellate review. *See id.*; *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (construing Texas "Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule"). Accordingly, we strike Appellant's non-conforming brief, and dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 38.9(a), 42.3(b), (c); *Johnson v. Dall. Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.—Dallas 2005, no pet.) (per curiam).

Patricia O. Alvarez, Justice