# Fourth Court of Appeals
## San Antonio, Texas
May 12, 2016
No. 04-16-00194-CV


Jose **PEREZ**, Jr.,
Appellant

v.

Salud **CAZARES**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 3287CCL
Honorable Robert Cadena, Judge Presiding

# O R D E R

Appellant prematurely filed his brief on March 30, 2016, prior to filing his notice of appeal on April 5, 2016.  *See* TEX. R. APP. P. 38.6 (stating appellant must file brief within 30 days after later of the date the clerk's record is filed or the date the reporter's record is filed). The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* R. 38.1.  Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a statement of facts **with record reference**s; or
(2) an appendix.

*See id.* R. 38.1(g) (requiring statement of facts with record references) and 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument).

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1.  *See id.* R. 38.9(a).  We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before 30 days after the clerk's record or reporter's record,

whichever is later, is filed. The amended brief must correct the violations listed above and fully comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* R. 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case on appeal just as he is required to properly present his case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of May, 2016.

_____
Keith E. Hottle
Clerk of Court