

# Fourth Court of Appeals
## San Antonio, Texas

August 4, 2017

No. 04-17-00140-CV

**IN THE INTEREST OF A.H.R., ET.AL., CHILDREN,**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2007EM501149
Master Eric Rodriguez, Judge Presiding

# O R D E R

On July 25, 2017, this court received appellant's brief. The brief violates Rule 38 of the Texas Rules of Appellate Procedure in all respects. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a table of contents;
(2) an index of authorities;
(3) include a statement of facts *with record references*;
(4) argument with appropriate citation to authorities and the appellate record; or
(5) a proper appendix.

*See id.* R. 38.1(b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(g) (requiring statement of facts with record reference), 38.1(i) (requiring argument with appropriate citation to authority and record), and 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument).

While substantial compliance with Rule 38 is sufficient, this court may order a party to amend or redraw a brief if it flagrantly violates Rule 38.1. *See* TEX. R. APP. P. 38.9(a). We conclude that the formal defects in this case constitute flagrant violations of Rule 38.1.

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court on or before **September 5, 2017**. The amended brief must correct the violations listed above and fully comply with the applicable rules. *See id.* R. 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see*

*also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present her case on appeal just as she is required to properly present her case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* Tex. R. App. P. 38.6(b).

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of August, 2017.

_____
Luz Estrada
Chief Deputy Clerk