

# Fourth Court of Appeals
## San Antonio, Texas

March 8, 2018

No. 04-17-00676-CV

Peggy Sue **BUTLER,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 16620A
Honorable N. Keith Williams, Judge Presiding

# O R D E R

Appellant's brief was originally due January 19, 2018. Neither the brief nor a motion for extension of time was filed at that time. On February 1, 2018, we ordered appellant to file, on or before February 12, 2018, her appellant's brief and a written response reasonably explaining her failure to timely file the brief.

On February 12, 2018, appellant mailed a motion requesting an extension of time to file her brief, and the motion was filed in our court on February 14, 2018. *See* TEX. R. APP. P. 9.2(b) (outlining when documents filed by mailed are timely filed). Thereafter, on February 16, 2018, appellant mailed her appellant's brief, which was filed in our court on February 20, 2018. The brief, however, does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See id.* R. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a table of contents;
(2) an index of authorities;
(3) a proper statement of the case, stating concisely the nature of the case;
(4) a brief statement of the issues presented, **setting out what errors were allegedly committed by the trial court**;
(5) include a statement of facts **with record references**;
(6) a proper summary of the argument;

(7) proper legal argument **with appropriate citation to authorities and the appellate record**; or

(8) a certificate of service;

(9) a certificate of compliance; or

(10) a proper appendix.

*See id.* R. 38.1(b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(d) (requiring statement of case), 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record reference), 38.1(h) (requiring summary of argument, 38.1(i) (requiring argument with appropriate citation to authority and record), and 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument); *see also id.* R. 9.4(i)(3) (requiring that computer generated documents include a certificate of compliance stating the number of words in document); *see also id.* R. 9.5 (requiring filing party to serve copy of filing on all parties and include a certificate of service stating he has complied with such service).

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **GRANT** appellant's request for an extension to file her brief, but **ORDER** appellant's brief stricken. We further **ORDER** appellant to file an amended brief in this court on or before **April 9, 2018**. The amended brief must correct the violations listed above and fully comply with Rule 38.1 of the Texas Rules of Appellate Procedure as well as Rules 9.4 and 9.5 of the Texas Rules of Appellate Procedure. *See id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents herself on appeal, i.e., she is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present her case on appeal just as she is required to properly present her case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

We **order** the clerk of this court to serve a copy of this brief on appellant and all counsel.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of March, 2018.



KEITH E. HOTTLE,
Clerk of Court