

# Fourth Court of Appeals
## San Antonio, Texas

January 18, 2019

No. 04-18-00715-CV

Kenneth J. **THOMAS**,
Appellant

v.

**ARRIBA APARTMENTS**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2018CV04988
Honorable Karen Crouch, Judge Presiding

# O R D E R

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

The clerk of this court received appellant's brief on January 14, 2019. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a proper identity of parties and counsel;
(2) a proper table of contents;
(3) a proper table of authorities;
(4) a brief statement of the issues presented, setting out what errors were allegedly committed *by the trial court*;
(5) a statement of facts *with record references*;
(6) proper legal argument with appropriate citation to authorities and the appellate record; and
(7) a proper appendix because it fails to contain a copy of the judgment appealed.

*See id.* R. 38.1(a) (requiring a complete list of all parties to judgment); 38.1(b) (requiring a table of contents with references to the pages of the brief); 38.1(c) (requiring an index of authorities indicating the pages of the brief where the authorities are cited); 38.1(g) (requiring a statement of facts with record references); 38.1(i) (requiring a clear and concise argument with appropriate

citations to authorities and the record); and 38.1(k) (requiring an appendix containing a copy of the judgment or other appealable order).

Additionally, the appellate rules require that any document presented for filing in the appellate court contain proof of service in the form of either an acknowledgment of service by the person served, or a certificate of service establishing the document has been served on all parties to the proceeding or their attorneys if they are represented by counsel. *See id.* R. 9.5(a), (d). Here, the brief does not contain proof of service. *See id.* R. 9.5(d).

Although substantial compliance with Rule 38.1 is generally sufficient, we may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the defects described above constitute flagrant violations of Rule 38.1 and Rule 9.5(a) and (d).

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court **on or before February 22, 2019**.

Any amended brief filed by appellant must correct the violations listed above and fully comply with Rule 38.1 and Rule 9.5(a) and (d) of the Texas Rules of Appellate Procedure. If the amended brief does not comply with this order, we "may strike the brief, prohibit appellant from filing another, and proceed as if had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file a brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case on appeal just as he is required to properly present his case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, the appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court