

# Fourth Court of Appeals
## San Antonio, Texas

August 20, 2019

No. 04-19-00391-CV

**PHILLIPS MOTORS CO.** and Mansour R. Mansour,
Appellant

v.

**MILLION AUTO PARTS**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 2019CV00722
Honorable Melissa Vara, Judge Presiding

# O R D E R

Sitting:  Irene Rios, Justice
          Beth Watkins, Justice
          Liza A. Rodriguez, Justice

This court received appellant's brief on August 14, 2019. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief violates Texas Rule of Appellate Procedure 38.1 in that it does not contain:

(1) a complete list of all parties to the trial court's judgment and the names and addresses of all parties and counsel;
(2) a table of contents;
(3) an index of authorities;
(4) a proper statement of the case;
(5) a brief statement of the issues presented;
(5) a proper statement of facts with record references;
(6) a summary of the argument;
(7) a proper legal argument with appropriate citation to authorities and the appellate record;
(8) a short conclusion clearly stating the nature of the relief sought; and
(9) a proper appendix.

*See id.* R. 38.1(a) (requiring complete list of all parties to judgment, names and addresses of all trial and appellate counsel); 38.1(b) (requiring table of contents); 38.1(c) (requiring index of authorities); 38.1(f) (requiring a concise statement of all issues presented for review); 38.1(g) (requiring statement of facts with record references); 38.1(h) (requiring a succinct, clear, and accurate statement of the arguments made in the body of the brief); 38.1(i) (requiring argument with appropriate citation to authority and record); 37.1(j) (requiring a short conclusion clearly stating the nature of the relief sought); and 38.1(k) (requiring appendix containing a copy of judgment or other appealable order).

The appellate rules also require that any document presented for filing in the appellate court contain proof of service in the form of either an acknowledgment of service by the person served or a certificate of service establishing the document has been served on all parties to the proceeding or their attorneys if they are represented by counsel. *See id.*; *see also id.* R. 9.5(a). Here, the brief does not contain proof of service. *See id.* R. 9.5(d).

Although substantial compliance with Rule 38.1 is generally sufficient, we may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1 and Rule 9.5(a) and (d).

Accordingly, we **ORDER** appellant's brief stricken and **ORDER** appellant to file an amended brief in this court **on or before September 16, 2019**.

Any amended brief filed by appellant must correct the violations listed above and fully comply with Rule 38.1 and Rule 9.5(a) and (d) of the Texas Rules of Appellate Procedure. If the amended brief does not comply with this order, we "may strike the brief, prohibit appellant from filing another, and proceed as if had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant is representing himself on appeal. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case on appeal just as he is required to properly present his case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of August, 2019.



_____
Keith E. Hottle,
Clerk of Court