

# Fourth Court of Appeals
## San Antonio, Texas

February 8, 2023

No. 04-22-00582-CV

**IN THE MATTER OF THE MARRIAGE OF MARISSA VIVARES BONNET AND JAMES T. BONNET AND IN THE INTEREST OF T.J.B., A CHILD**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI19887
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

Appellant filed his brief on February 3, 2023. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure because it does not contain:

1. an identity of parties and counsel;
2. a table of contents;
3. an index of authorities;
4. a statement of the case;
5. a brief statement of the issues presented, setting out what errors were allegedly committed by the trial court;
6. a statement of facts with record references;
7. a summary of the argument;
8. a legal argument with appropriate citation to authorities and the appellate record;
9. a prayer for relief; or
10. an appendix.

*See id.* R. 38.1(a)-(k). Additionally, the brief does not comply with Rules 9.4 or 9.5 of the Texas Rules of Appellate Procedure. *See id.* R. 9.4, 9.5. Specifically, the brief does not include a certificate of compliance stating the number of words in the document. *See id.* R. 9.4(i)(3). The brief also fails to include a certificate of service showing proof of service on the opposing party or its counsel. *See id.* R. 9.5(d), (e).

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude the formal defects described above constitute flagrant violations of Rule 38.1.

We therefore **order** appellant's brief stricken and **order** appellant to file an amended brief **by March 10, 2023.** The amended brief must correct the violations listed above and fully comply with the applicable rules. *See, e.g., id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we may strike the brief, prohibit appellant from filing another brief, and proceed as if appellant had failed to file a brief. *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find any issues raised by appellant are waived due to inadequate briefing and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize appellant represents himself on appeal, i.e. he is acting pro se. However, we caution appellant pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). We will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of February, 2023.



_____
MICHAEL A. CRUZ, Clerk of Court