

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00451-CV

**SAN ANTONIO ANUSA, LLC** D/B/A AutoNation USA San Antonio
Appellant

v.

Shannon **WEST** and Jonathon Andre West
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI04724
Honorable Laura Salinas, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: May 28, 2025

REVERSED AND REMANDED

San Antonio ANUSA, LLC ("San Antonio ANUSA") appeals from the trial court's interlocutory order denying its motion to compel arbitration and to stay proceedings. We reverse the trial court's order and remand the cause to the trial court for entry of an order (1) compelling the parties to arbitrate pursuant to the Retail Purchase Agreement's arbitration provision and (2) staying trial court proceedings pending the outcome of the arbitration.

## BACKGROUND

On February 10, 2023, Shannon and Jonathon West ("the Wests") purchased a 2016 KIA Sorrento from San Antonio ANUSA. The parties' executed a Retail Purchase Agreement (the "Sales Agreement") and a Retail Installment Sales Contract (the "Financing Agreement"). The Wests assert San Antonio ANUSA failed to repair the vehicle as promised and, on March 4, 2024, they sued San Antonio ANUSA, claiming violations of the Texas Deceptive Trade Practices Consumer Protection Act, false representations of material facts, concealment or failure to disclose material facts, and breach of contract.

San Antonio ANUSA moved to compel arbitration pursuant to the Sales Agreement's arbitration provision. On June 27, 2024, the trial court denied the motion to compel arbitration. San Antonio ANUSA then filed this interlocutory appeal.

## STANDARD OF REVIEW

"A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement." *Henry v. Cash Biz, L.P.*, 551 S.W.3d 111, 115 (Tex. 2018). "We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Id.* "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). "Legal determinations include whether a valid arbitration agreement exists …." *SSC Wimberley Operating Company, LLC v. Goodman*, 665 S.W.3d 729, 733 (Tex. App.—San Antonio 2023, no. pet) (citing *Henry*, 551 S.W.3d at 115 and *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)). Arbitration agreements are interpreted under traditional contract principles. *See J.M. Davidson,* 128 S.W.3d at 227.

**ANALYSIS**

San Antonio ANUSA asserts that a valid arbitration agreement exists between the parties and the trial court abused its discretion by denying the motion to compel arbitration. We agree.

The parties' agreement to arbitrate is found on paragraph 8 of the Sales Agreement and states in part:

> You and Dealer Parties agree that neutral and binding arbitration on an individual basis only between You and Dealer Parties will be the sole method of resolving any claim, dispute or controversy (collectively, "Claims") that either party has arising out at or relating to Purchaser/Dealer Party interactions . . . .

The Wests agreed to arbitrate by signing directly beneath this arbitration provision and by signing the Sales Agreement. San Antonio ANUSA also agreed to arbitrate by signing the Sales Agreement. Accordingly, a valid arbitration agreement exists between the parties.

The Wests argued to the trial court that there was no enforceable arbitration agreement, claiming in a conclusory manner that the Sales Agreement was simply an agreement to agree, and was not finalized until the parties executed the Finance Agreement. However, the Wests' do not present this argument to this Court, and we shall not resort to speculation or surmise to make the Wests' argument for them. *Sanders v. Future Com, Ltd.*, No. 02-15-00077-CV, 2017 WL 2180706, at *7 (Tex. App.—Fort Worth May 18, 2017). The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by merely uttering brief conclusory statements." *Taylor v. Schultz*, No. 04-22-00093-CV, 2024 WL 1421823, at *2 (Tex. App.—San Antonio Apr. 3, 2024, pet. denied) (mem. op.) (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). We therefore conclude the Wests did not present this issue for our review. *See*, *e.g.*, *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *3 (Tex. App.—San

Antonio Oct. 26, 2016, no pet.) ("We have repeatedly held that when an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record, nothing is presented for our review."). Accordingly, this issue is not preserved for our review.

Even were we to consider the Wests' assertion to the trial court, we would conclude the Sales Agreement contains all of the material terms of San Antonio ANUSA's agreement to sell, and the Wests' agreement to purchase, the vehicle—including the final purchase price of the vehicle after trade-in. *See Oakrock Expl. Co. v. Killam*, 87 S.W.3d 685, 690 (Tex. App.—San Antonio 2002, pet. denied) ("It is only when an essential term is left open for future negotiation that there is nothing more than an unenforceable agreement to agree.").

While section 7(l)(iv) of the Sales Agreement dictates that, if the vehicle is purchased by credit, the "Agreement shall not become binding until . . . a Retail Installment Sales Contract is executed," that language does not reflect that there is an open, essential term in the Sales Agreement that remains to be negotiated. Instead, it establishes a condition precedent for the enforcement of the Sales Agreement—and its arbitration agreement. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021) ("A condition precedent may be either a condition to the formation of a contract or to an obligation to perform an existing agreement."). It is undisputed that the parties executed the Finance Agreement, thus meeting this condition. Accordingly, San Antonio ANUSA met its burden to establish that a valid arbitration agreement exists between the parties.

The West's decision to finance the purchase amount through San Antonio ANUSA—rather than pay for the vehicle in cash or finance the purchase amount through an alternative lender— does not create a new or revised agreement untethered to the original arbitration agreement.

Section 7(l)(iv) also mandates that the provisions of the Sales Agreement—which include the arbitration agreement—shall survive the execution and incorporation of any subsequent Finance Agreement.

> The provisions of this Agreement shall survive the execution of a [Finance Agreement] and/or consummation of Your purchase of the Vehicle.

Accordingly, the execution of the Finance Agreement does not amend or abolish the arbitration agreement in the Sales Agreement.

We also note that the arbitration provision here is broad, encompassing "any claim, dispute or controversy . . . arising out of or relating to [the parties'] interaction." S*ee In re Double S Petroleum, Ltd.*, No. 04-05-00643-CV, 2005 WL 3406295, at *3 (Tex. App.—San Antonio Dec. 14, 2005, orig. proceeding) (mem. op.) ("Generally, when an arbitration provision uses the language 'any dispute,' it is considered broad."). Given that the dispute involves the alleged failure to repair the vehicle as promised, it is clearly a dispute arising out of the parties' interaction. Further, even if the Wests had asserted their dispute was related to the Finance Agreement, it would still be encompassed by the arbitration agreement in the Sales Agreement, given that the Finance Agreement is part of "the parties interaction." *See AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 197-98 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) ("The financing of Leroy's vehicle is a matter that arises out of and relates to Leroy's agreement to purchase the vehicle, as reflected in the Purchase Agreement. But for Leroy's purchase, there would have been no relationship between the parties and no financing transaction that is the basis of Leroy's claims.").

Finally, the Wests assert that it would be unconscionable to enforce the arbitration agreement in the Finance Agreement since they did not sign a separate provision within the Finance Agreement authorizing arbitration. However, the Wests' argument that it would be procedurally unconscionable to compel arbitration under this provision misses the mark because

San Antonio ANUSA seeks enforcement of the arbitration agreement between the parties that, as explained above, *is found in the Sales Agreement*. The Wests have not alleged any facts or circumstances making the enforcement of that arbitration agreement, located in a standard vehicle purchase agreement, shocking. *See Brackenridge Healthcare, Inc. v. Camero*, No. 04-22-00271-CV, 2023 WL 3107064 at *3 (Tex. App.—San Antonio April 27, 2023) (mem. op.) ("To support a finding of procedural unconscionability, the circumstances surrounding the adoption of the agreement must be shocking."). Instead, they merely argued to the trial court that no such arbitration agreement exists. An assertion we have already rejected.

### CONCLUSION

We determine San Antonio ANUSA met its burden to establish that a valid arbitration agreement exists between the parties, and the trial court abused its discretion when it denied San Antonio ANUSA's motion to compel arbitration. Therefore, we reverse the trial court's order of June 27, 2024, denying the motion to compel arbitration, and remand this case to the trial court for entry of an order (1) compelling the Wests to arbitrate their claims against San Antonio ANUSA and (2) staying all proceedings in the underlying case pending the outcome of the arbitration.

H. Todd McCray, Justice