COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ARTHUR LEE STEWART, | § | No. 08-09-00270-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| | § | of El Paso County, Texas |
| EL PASO COUNTY SHERIFF'S DEPARTMENT AND HEALTH CARE PROVIDER, ET AL., | § | (TC# 2008-3350) |
| | § | |
| Appellees. | § | |

## **O P I N I O N**

Mr. Stewart appeals the trial court's decision to grant Defendants El Paso County Sheriff's Department and Health Care Provider, et al.'s motions to dismiss his case under Chapter 14 of the Texas Civil Practices and Remedies Code. Mr. Stewart has, however, inadequately briefed his arguments according to the requirements established in Rule 38.1 of the Texas Rules of Appellate Procedure, we will affirm the trial court's judgment.

Mr. Stewart, an inmate incarcerated at O.B. Ellis Unit, Huntsville, Texas, filed a *pro se* negligence suit against the El Paso County Sheriff's Department, and a second entity which Mr. Stewart identifies as "Health Care Provider." Mr. Stewart alleged that he was inadequately treated for injuries to his back sustained from a fall while in the care of the El Paso County Sheriff's Department and the "Health Care Provider." Both defendants filed motions to dismiss the case. The court granted both motions to dismiss on August 27, 2009, finding that the claim asserted by Mr. Stewart was "frivolous or malicious within the meaning of section 14.003 of the Civil Practice & Remedies Code."

Mr. Stewart has appealed the trial court's dismissal orders. The "Points Presented for Review" section of his brief allege two points of error. In what we take to be Issue One, Mr. Stewart states the trial court erred in dismissing with prejudice his action. We find Issue Two to be Mr. Stewart's contention that the trial court "should [not] have dismissed the appellant's claim without reviewing the totility [sic] the claims merits, and all the evidence [sic] which was presented . . . ." In the argument section of his brief, Mr. Stewart focuses exclusively on the arguments he made in the trial court regarding the merits of his claim. The brief fails to address at all the propriety of the trial court's ruling dismissing his original suit.

Under Section 38.1(h) of the Texas Rules of Appellate Procedure, an appellant's brief:

[M]ust contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

TEX.R.APP.P. 38.1(h).

Mr. Stewart's brief contains a detailed explanation of his injuries, what has happened after sustaining these injuries, and the remedies he expects due to these injuries. However, Mr. Stewart's brief makes no argument regarding what legal analysis supports his specific contentions. His brief does not include a clear and concise analysis supporting his argument that the trial court erred in dismissing his claim with prejudice. Furthermore, Mr. Stewart fails to provide appropriate citations to authorities or to reference any passage or documentation in the record demonstrating that the trial court did not review "the totility [sic] the claims merits, and all the evidence [sic] which was presented . . . ."

The Rules of Appellate Procedure require that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the

record." Tᴇx.R.Aᴘᴘ.P. 38.1(i).  Although appellate courts liberally construe briefs by *pro se* litigants, we must hold them to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure.  *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).  When a party fails to cite to the record or to legal authority in their brief, nothing is presented for review.  *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez v. Avitia*, 238 S.W.3d 843, 844-45 (Tex.App.--El Paso 2007, no pet.).  Because Mr. Stewart's brief fails to comply with several sections of Rule 38.1 of the Texas Rules of Appellate Procedure, we overrule Mr. Stewart's Issues One and Two as inadequately briefed.

We must therefore affirm the trial court's judgment.


September 22, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.