Opinion filed August 25, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00005-CV
_____

## RICKY LEE STROBLE, Appellant

## V.

## BRAD LIVINGSTON ET AL., Appellees

---

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 023225**

---

and

_____

## No. 11-16-00006-CV
_____

## RICKY LEE STROBLE, Appellant

## V.

## CRYSTAL REYES ET AL., Appellees

**and**
_____

**No. 11-16-00007-CV**
_____

**RICKY LEE STROBLE, Appellant**

**V.**

**CRYSTAL REYES AND WARDEN WEBB, Appellees**

**M E M O R A N D U M   O P I N I O N**

Ricky Lee Stroble, an inmate at the French Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, sued the director of the Department, the prison unit's warden, several Department employees, and an employee's husband. Appellant filed three different lawsuits in which he claimed that the defendants had improperly restricted his privileges and violated his constitutional rights.

After a hearing on a motion filed by the attorney general of Texas to declare Appellant a vexatious litigant and dismiss each suit as frivolous, the trial court declared Appellant a vexatious litigant in each case, entered a prefiling order in each case, and dismissed all three cases as frivolous.

Appellant has appealed the trial court's order by which it declared him a vexatious litigant in Cause No. 023225. He also appeals the trial court's dismissal of his three cases as frivolous.[1] We affirm.

## I. *Background*

Appellant sued Brad Livingston (the director of the Department) and two Department employees who worked at the unit, Jennifer Smith and Joni White, in his first suit, Cause No. 023225. Appellant sued Crystal Reyes, a property officer at the unit, and Warden Webb in his second suit, Cause No. 023588. In his third suit, Cause No. 023607, Appellant sued Crystal Reyes and her husband, Justo Reyes, as well as Warden Webb and Lieutenant Richard Zavala. Appellant alleged in his first suit that changes in prison rules violated his First Amendment rights of expression and freedom of religion. He alleged in the third suit that his First Amendment rights as well as his rights to due process and equal protection had been violated, and he complained about "no due process" in his second suit.

The Attorney General of Texas, on behalf of the defendants in each suit, moved to have the trial court declare Appellant a vexatious litigant. The attorney general argued in the first and third suits that there was no reasonable probability that Appellant would prevail in his suits because a federal court had already considered and rejected the same claims, which were now barred by res judicata or collateral estoppel.[2] The attorney general argued in the second and third suits that Appellant could not prevail on his claims on the merits and also argued that

---

[1]*See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002 & Supp. 2016) (inmate litigation).

[2]In the federal case, after the trial court had considered substantially similar claims as those alleged in this case, it concluded that Appellant's suit "lack[ed] an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**." *Stroble v. Livingston*, No. 1:12–CV–055–BL ECF, 2013 WL 395523, at *4 (N.D. Tex. Jan. 31, 2013).

Appellant had not complied with substantive and procedural requirements for inmate litigation under Chapter 14 of the Texas Civil Practice and Remedies Code.

The trial court held a hearing on the motions to declare Appellant a vexatious litigant. After the hearing, the trial court, in each case, entered an order by which it declared Appellant a vexatious litigant in accordance with Chapter 11 of the Civil Practice and Remedies Code.[3] As a result, the trial court, in each case, also entered a separate prefiling order by which it required Appellant to get permission from a local administrative judge to file new litigation and stated that failure to do so would result in dismissal of the case and possible sanctions. Finally, the trial court issued a separate "**FINAL JUDGMENT**" in each case by which it "dismissed [Appellant's suit] with prejudice, as FRIVOLOUS, pursuant to Chapter 14 of the Civil Practice and Remedies Code."

## II. *Discussion and Analysis*

Appellant requests in the appeal of the first suit that he be removed from the vexatious litigant list, but he does not do so, or otherwise mention, raise, or appeal that issue, in the appeals of the second and third suits. Appellant does not mention in his three briefs on appeal the prefiling orders entered in each case. Appellant does complain about the final judgment in each case. However, the final judgments that resulted in a dismissal of each case did not involve or relate to the vexatious litigant orders but, instead, were dismissals of inmate litigation in accordance with Chapter 14 of the Texas Civil Practice and Remedies Code. As we explain below, Appellant is limited in each of the three cases to an appeal of the vexatious litigant order.

---

[3]CIV. PRAC. & REM. §§ 11.051–.057 (West 2002 & Supp. 2016) (vexatious litigants).

*A. First Suit (Cause No. 023255): Appellant failed to brief why the trial court abused its discretion when it declared that he was a vexatious litigant.*

In the prayer section of Appellant's brief in Cause No. 023255, Appellant prayed, among other things, to "[r]emove [Appellant] from the [v]exatious [l]itigant" list. That is the only part of Appellant's brief in which he mentioned the trial court's order by which it declared him a vexatious litigant in accordance with Chapter 11 of the Civil Practice and Remedies Code.[4] Subsection (d) of Section 11.103 provides that "[a] clerk of a court of appeals may file an appeal from a prefiling order entered . . . designating a person a vexatious litigant." CIV. PRAC. & REM. § 11.103(d). Thus, Appellant is permitted to appeal the vexatious litigant order, but he failed to include a statement to delineate the issues or points presented for review on this matter, as required by Rule 38 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 38.1. Rule 38 provides that an appellant "must state concisely all issues or points presented for review" under an appropriate heading. TEX. R. APP. P. 38.1(f).

Although we construe liberally pro se pleadings and briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Rule 38 also requires that an appellant provide us with such discussion of the facts and the authorities relied upon as may be necessary to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Appellant asked to be removed from the vexatious litigant list, but he provided no argument and no reference to applicable case law or statutory authority on the issue of the vexatious litigant order. Rule 38 requires that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to

---

[4] CIV. PRAC. & REM. §§ 11.051–.057 (Vexatious litigants).

authorities and to the record." TEX. R. APP. P. 38.1(i). When an appellant fails to cite to legal authority in his brief, the appellant has not presented an issue for review and, thus, has waived the issue. TEX. R. APP. P. 38.1; *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Tesoro Petroleum Corp.*, 106 S.W.3d at 128.

In this case, because Appellant never challenged the vexatious litigant order as an issue with appropriate headings and never explained his position with citations to relevant authority, he has waived this issue. *See* TEX. R. APP. P. 38.1; *Republic Underwriters Ins. Co.*, 150 S.W.3d at 427; *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. In *Stewart v. El Paso County Sheriff's Department*, the trial court dismissed Stewart's suit as frivolous, and Stewart appealed. 324 S.W.3d 321, 322 (Tex. App.—El Paso 2010, pet. denied). The El Paso Court of Appeals overruled Stewart's two issues on appeal because they were inadequately briefed. *Id.* at 323. The court noted that Stewart focused "exclusively on the arguments he made in the trial court regarding the merits of his claim. [Stewart's] brief fail[ed] to address at all the propriety of the trial court's ruling dismissing his original suit." *Id.* at 323. Additionally, Stewart's brief contained no argument regarding the legal analysis to support his issues; failed to include a clear and concise statement supporting his argument that the trial court erred in dismissing his claim; and failed to provide citations to authorities. *Id.* Like the appellant in *Stewart*, Appellant has utterly failed to brief any issue related to the vexatious litigant order in his first case. As the court held in *Stewart*, we hold that Appellant has waived that issue.

B. *Second Suit (Cause No. 023588) and Third Suit (Cause No. 023607): Appellant does not brief his complaints about the vexatious litigant orders in the second and third suits.*

In the appeals of his second and third suits, Appellant does not address, argue, or otherwise challenge the vexatious litigant orders or the prefiling orders. As

previously explained, subsection (d) of Section 11.103 provides that a clerk of a court of appeals may file an appeal from a prefiling order that designated someone a vexatious litigant. CIV. PRAC. & REM. § 11.103(d). However, except as provided by subsection (d), a clerk of a court may not file an appeal that is presented by a pro se litigant who is subject to a prefiling order as a vexatious litigant, unless the litigant obtains an order from the appropriate local administrative judge to permit the filing. *Id.* § 11.103(a). Because Appellant does not address, argue, or mention any complaint about the vexatious litigant orders in his appeals of Cause No. 023588 and Cause No. 023607, as in his first suit, any such complaint has been waived, and because he did not seek permission to appeal the dismissals, he has not raised any issues that this court is authorized to consider.

C. *All Three Suits: Appellant's appeals are limited to the issue of vexatious litigant.*

Appellant's opening statement in his first brief to this court reads as follows: "Now comes [Appellant] appealing *Judgment* from the 259th Judicial District Court in [Cause No. 023225]" (emphasis added). His opening statements in his second and third briefs were similar to the first brief. However, the final judgments in each case were not based on the trial court's vexatious litigant order or prefiling order. Rather, the trial court entered its final judgment in each case in accordance with "Chapter 14 of the Civil Practice and Remedies Code," which deals with inmate litigation—not vexatious litigants. *See* CIV. PRAC. & REM. §§ 14.001–.014.

Because Appellant may only appeal the vexatious litigant orders; because he failed to adequately brief that issue in his first appeal, as we previously explained; and because he failed to brief that issue at all in his second and third appeals, he has waived any complaint regarding the vexatious litigant and prefiling orders. *See* TEX. R. APP. P. 38.1; *Republic Underwriters Ins. Co.*, 150 S.W.3d at 427; *Tesoro*

*Petroleum Corp.*, 106 S.W.3d at 128. As a result, we need not address any of Appellant's remaining arguments in his three appeals.

## III. *This Court's Ruling*

We affirm the trial court's orders in each case by which it declared Appellant a vexatious litigant, and we affirm the trial court's attendant prefiling orders in each case.


MIKE WILLSON
JUSTICE


August 25, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.