

# Fourth Court of Appeals
## San Antonio, Texas

July 16, 2018

No. 04-18-00258-CV

**THIRTY-EIGHT THOUSAND FOUR HUNDRED DOLLARS ($38,400.00) UNITED STATES CURRENCY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI00346
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

On June 19, 2018, we ordered appellant to file his brief on or before July 18, 2018. Recognizing appellant was pro se, we advised him that his brief must comply with Rules 9.4, 9.5 and 38.1 of the Texas Rules of Appellate Procedure. On July 2, 2018, appellant filed a motion for extension of time, requesting a sixty-day extension of time to prepare his brief. Thereafter, on July 5, 2018, appellant filed his appellate brief; however, the brief does not comply with Rules 9.5 or 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. R. 9.5, 38.1. Specifically, the brief violates the Texas Rules of Appellate Procedure in that it does not contain:

(1) a table of contents;
(2) an index of authorities;
(3) a proper statement of the case, stating concisely the nature of the case;
(4) a brief statement of the issues presented, **setting out what errors were allegedly committed by the trial court**;
(5) include a statement of facts **with record references**;
(6) a proper summary of the argument;
(7) proper legal argument **with appropriate citation to authorities and the appellate record**;
(8) prayer, stating the nature of the relief sought;
(8) a certificate of service, showing proof of service on opposing counsel; and
(9) a proper appendix.

*See id.* R. 38.1(b) (requiring table of contents), 38.1(c) (requiring index of authorities), 38.1(d) (requiring statement of case), 38.1(f) (requiring statement of issues presented), 38.1(g) (requiring statement of facts with record references), 38.1(h) (requiring summary of argument), 38.1(i) (requiring argument with appropriate citation to authority and record), 38.1(j) (requiring prayer, which states the relief sought); and 38.1(k) (requiring appendix with copy of judgment or other appealable order, any jury charge and verdict form, any findings of fact and conclusions of law, and text of applicable rules, regulations, ordinances, statutes, constitutional provisions, or other law on which argument is based, or any contract or other document central to argument); *see also id.* R. 9.5 (requiring filing party to serve copy of filing on all parties and include a certificate of service stating he has complied with such service).

Although substantial compliance with Rule 38.1 is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38.1. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.1.

Accordingly, we **GRANT** appellant's request for an extension of time to file a brief, and **ORDER** appellant's brief filed on July 5, 2018 stricken. We further **ORDER** appellant to file an amended brief in this court on or before **September 14, 2018**. The amended brief must correct the violations listed above and fully comply with Rule 38.1 of the Texas Rules of Appellate Procedure as well as Rule 9.5 of the Texas Rules of Appellate Procedure. *See id.* R. 9.5; *see id.* R. 38.1. Enclosed, appellant will find a copy of Rule 9.5 and 38.1 of the Texas Rules of Appellate Procedure.

If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing, and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the rules governing appellate briefs. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). A pro se litigant is required to properly present his case on appeal just as he is required to properly present his case to the trial court. *Id.* Accordingly, we will not apply different standards merely because an appeal is brought by a litigant acting without advice of counsel. *Id.*

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of July, 2018.



KEITH E. HOTTLE,
Clerk of Court