**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00296-CV**
_____

**CRYSTAL KAY MARTIN, Appellant**

**V.**

**DECKER PRAIRIE RV PARK, LLC, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 18-30733**

**MEMORANDUM OPINION**

Decker Prairie RV Park, LLC ("Decker Prairie") filed suit in the Justice Court of Montgomery County, Texas, to evict Crystal Kay Martin. The Justice Court found in favor of Decker Prairie and determined that Martin owed back rent in the amount of $500. Martin appealed the county court's judgment to the County Court at Law, and as ordered by the Justice Court, she paid $500 in back rent into the registry of the court. The County Court at Law then heard the case by trial *de novo*.

1

At the trial *de novo*, which took place on July 23, 2018, the trial court swore in both Martin, who appeared *pro se*, and Decker Prairie's agent, Helena McGuff. McGuff stated that Martin was currently occupying a property at Decker Prairie pursuant to a rental agreement, a copy of which was introduced into evidence. The rental agreement required monthly payment of rent in the amount of $500 and provided that if an invoice were not paid in full by 6:00 p.m. on the third of each month, the owner would terminate the agreement. According to McGuff, Martin paid her rent late in April and failed to pay her rent in May and July. McGuff also stated that Martin owed $1000 in back rent. Decker Prairie gave Martin seventy-two hours to vacate by posting a notice on her door. A copy of the notice, which was dated May 4, 2018, was introduced into evidence. On the notice was a handwritten statement that Martin did not pay her April rent until April 23rd, and that she had not paid for her May rent. Martin noted that the notice was taped to her door rather than hand-delivered as McGuff asserted, but she did not object to the document's admission into evidence.

When the trial judge gave Martin the opportunity to present her case, she discussed written write-ups and verbal warnings given to her by Decker Prairie's manager, and she attempted to introduce documents regarding the write-ups into evidence. McGuff objected because the documents were not originals, and they

contained handwritten notations, and the trial judge sustained the objection. With the exception of stating that she had paid rent on an unspecified date, Martin did not produce evidence or testify that she had paid the rent during the months in question. Martin asserted that McGuff had given her permission to pay rent late without any late fees, and she also asserted that Decker Prairie's manager assaulted her. In addition, Martin asserted that Decker Prairie's manager had offered to compensate her for watching the manager's dog. The County Court at Law found Martin guilty of forcible detainer and assessed damages in the amount of $1500. Martin then appealed the County Court at Law's judgment to this Court.

Martin does not raise discernible appellate issues in her *pro se* brief, but she mentions that she is representing herself due to being denied services by legal aid. Martin states that she paid her rent for April 2018 on April 3, 2018 and asserts that she paid her May rent early in the amount of $500. Martin also discusses the Justice Court's order to pay money into the registry of the court, and that she complied. In addition, Martin points out alleged discrepancies regarding the dates that Decker Prairie stated that she received notice, and discusses an alleged assault by an employee of Decker Prairie as well as allegedly being forced to move due to "harassing threats and occurrences[.]"

Because Martin is acting *pro se* on appeal, we must construe her brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, a *pro se* litigant must properly present her case on appeal. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). An appellant's brief must contain (1) a statement of the case concisely stating the nature of the case, the course of the proceedings, and the trial court's disposition, each of which should be supported by citation to the record; (2) a statement of facts that must be supported by record references; and (3) "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(d), (g), (i).

> It is the [a]ppellant's burden to discuss her assertions of error. An appellate court has no duty–or even right–to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted). Martin's brief presents statements, factual assertions, and arguments that are unclear and incomplete, and she did not include citations to the record or to authorities. We therefore overrule Martin's complaints as inadequately briefed. *See* Tex. R. App. P. 38.1; *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (finding

4

issue inadequately briefed when the brief did not contain proper citations to authority or the record and failed to make a cogent argument). We affirm the judgment of the County Court at Law.

     AFFIRMED.

_____<br>
STEVE McKEITHEN<br>
Chief Justice

Submitted on March 26, 2019
Opinion Delivered June 27, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.