COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| STUART N. AULD, | § | No. 08-21-00114-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| SOUTHWEST PETROLEUM COMPANY, L.P., DRC PETROLEUM, LTD., and CHARLES E. HAMMOND, | § | of Winkler County, Texas |
| | § | (TC# DC16-16907) |
| Appellees. | § | |

## <u>MEMORANDUM OPINION</u>

### BACKGROUND

Stuart N. Auld, Appellant, appearing *pro se*, appeals from the trial court's orders granting summary judgment, and dismissal for want of prosecution and severance in favor of Appellees. We affirm.

### *Factual & Procedural Background*

On June 6, 2016, Appellant sued his brother, John W. Auld Jr., Charles E. Hammond (Hammond), Southwest Petroleum Company, L.P. (Southwest), and DRC Petroleum, LTD. (DRC). The causes of action included: Quiet Title Action (Fraudulent Conveyance); Unlawful Conversion Unjust Enrichment; Request for Accounting; Tortuous Interference; Tortuous Interference With Economic Expectancy AKA Tortious Interference With Prospective Inheritance

and/or Tortious Interference With Testamentary Bequest and/or Tortious Interference With Contractual Relations and or Tortious Interference With Expectancy of Inheritance; Fraudulent Concealment; Outrageous Conduct; Slander of Title (Injurious Falsehood); Civil Conspiracy; Attorney Malpractice; Slander and False Light/Ongoing RICO (Racketeer Influenced and Corrupt Organizations Act).

Appellant's claims center around real property interests in the state of Kansas and Winkler County, Texas, and his expectancy of inheritance. Appellant attached deeds to his petition concerning Kansas and Texas real property interests—specifically, mineral and royalty deeds. Hammond is not a party to any of these deeds, neither as a grantor nor grantee. In 2012, John Auld Jr., as Administrator of the Lillian Nichols Klausen Estate, executed, acknowledged, and delivered to Southwest and DRC certain mineral and royalty deeds in Winkler County, Texas.

In November 2020, Hammond filed a no-evidence motion for summary judgment, a motion to dismiss for want of prosecution and severance. In December 2020, Appellant filed his summary judgment response. The summary judgment hearing was originally set for January 20, 2021. On January 12, 2021, Appellant filed a motion for continuance of the summary judgment hearing and a motion to compel discovery. Hammond filed a response to Appellant's motion for continuance and motion to compel. The court reset the summary judgment hearing to March 3, 2021. Appellant's motion to compel was thereafter denied.

On January 22, 2021, Southwest and DRC filed a motion to dismiss Appellant's claims for want of prosecution and severance. On April 23, 2021, the trial court granted Hammond's motion for summary judgment and motion for severance. The order granting Hammond's motion for summary judgment and severance dismissed all of Appellant's claims against Hammond, without specifying any grounds. The trial court also granted Southwest's and DRC's motion to dismiss and

severance. These two orders effectively severed all of Appellant's claims against Hammond, Southwest, and DRC into a single, new cause number. Appellant filed a motion for new trial.[1] This appeal followed.

## DISCUSSION

In thirteen issues, Appellant essentially challenges the trial court's orders granting no-evidence summary judgment and dismissal for want of prosecution and for severance in favor of Appellees. We affirm.

### *Standard of Review*

A trial court's granting of a motion for summary judgment is reviewed *de novo*. *Murray v. Nabors Well Service*, 622 S.W.3d 43, 50 (Tex.App.—El Paso 2020, no pet.). A motion for summary judgment must state the specific grounds upon which it is based. *Id*. (citing TEX.R.CIV.P. 166a(c), (i)). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). A no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.* A no-evidence motion for summary judgment is properly granted when "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *Id*. (citing TEX.R.CIV.P. 166a(i)). In other words, the court must grant the motion unless the respondent produces more than a scintilla of probative evidence to raise a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(i)); *JLB Builders*, 622 S.W.3d at 864 (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

---

[1] The motion for new trial is file stamped June 28, 2021, but Appellant stated May 11, 2021, in his certificate of service.

**Briefing Waiver**

In order to obtain a just, fair, and equitable adjudication of the rights of litigants, it is our practice to liberally construe points of error. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, *pro se* litigants must still adhere to procedural requirements. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.—El Paso 2007, no pet.)(noting *pro se* litigants are held to same standards as licensed attorneys and must comply with all applicable rules of procedure). The Texas Rules of Appellate Procedure govern the required contents and organization for an appellant's brief. *Id.* (citing TEX.R.APP.P. 38.1). An appellant's brief must contain clear and concise arguments, including appropriate citations to authority and the record. TEX.R.APP.P. 38.1(i). A brief must also concisely, and without argument, state the facts pertinent to the issues or points presented, and the statements within must be supported by record references. *Id.* at 38.1(g).

These requirements are not satisfied by merely uttering brief, conclusory statements unsupported by citations. *Valadez*, 238 S.W.3d at 845. Failure to provide citations or substantive analysis of the legal issue presented results in waiver of the complaint. *Id*. An appellate court has no duty—or even a right—to perform an independent review of the record or applicable law to determine whether there was error. *Id*. Were we to do so, even on behalf of a *pro se* litigant, we would be abandoning our role as neutral adjudicators by undertaking the role of advocate. *Id.*

### *Analysis*

In his appellate brief, Appellant has not sufficiently provided record citations in support of his contentions. Southwest and DRC challenge all factual statements made by Appellant, as they contend Appellant misstates, provides no support for, and fails to refer to the clerk's record to support the facts in his brief. We agree. *See Schlafly v. Schlafly*, 33 S.W.3d 863, 873 n.8

(Tex.App.—Houston [14th Dist.] 2000, pet. denied)("We note that [Appellant's] appellate brief does not contain any references to the record in its 'Statement of Facts,' and that his argument under this issue makes only one reference to the record. This briefing is in clear violation of Texas Rule of Appellate Procedure 38.1(f).").

The statement of facts section in Appellant's brief does not contain record citations, for the exception of five references to the record, and his arguments within the body of his brief also lack record citations. Moreover, the majority of Appellant's arguments also lack proper legal authority, as they are mostly from federal and state courts of other states. In addition, Appellant's arguments are unclear and conclusory. Having failed to comply with Texas Rule of Appellate Procedure 38.1, we hold Appellant has waived all issues on appeal. We articulate in greater detail below.

## A. Issues One and Five

In Issue One, Appellant challenges the validity of the summary judgment order, arguing it is inappropriate because it did not dispose of all issues. In Issue Five, Appellant maintains the trial court erred in granting summary judgment because it ignored the facts and the law.

Although Appellant states at the outset the granting of summary judgment is "inappropriate," he does not argue the legal merits of this contention. Rather, Appellant's argument is general and conclusory, he argues, "[t]he facts are clear in this case and the TX Courts clearly need to quiet title of this TX Mineral Deed in the name of Plaintiff/Appellant and the other innocent children beneficiary owners and require the appropriate Defendant/Appellee(s) to pay all costs and restitution of any income, interest, legal, pecuniary losses, and ALL forms of damages including opportunity costs resulting from the Defendant/Appellee's illegal actions." This sums up the entirety of his argument for Issue One. How it relates to the validity of the summary judgment order, we are unable to discern.

In any case, the trial court's order granting summary judgment dismissed and severed all of Appellant's claims against Hammond. The intent to finally dispose of a case must be unequivocally expressed in the words of the order itself; if that intent is clear from the order, the order is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001), *superseded by statute on other grounds as recognized in Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11 (Tex. 2022). The summary judgment order states the trial court "examin[ed] the pleadings timely filed prior to the hearing, the motion for summary judgment, the response timely filed by [Appellant], the reply filed by [Hammond,]" and determined Hammond is entitled to summary judgment. The order further states "all relief requested by [Appellant] against the Defendant, Charles E. Hammond is DENIED[,] . . . all causes of action asserted by [Appellant] against [Hammond] is severed from this action and made the subject of a separate action, having docket number []" and lastly, the order "disposes of all parties and claims in the Separate Action and is a final and appealable judgment." On the same day the summary judgment was granted, the trial court also dismissed and severed all of Appellant's claims as to Southwest and DRC. The summary judgment order unequivocally states it disposes of all parties and claims and is final and appealable.

Accordingly, the summary judgment order and order of dismissal constitute a final judgment. All of Appellant's claims against Hammond, Southwest, and DRC were dismissed and severed into a single, separate action. The combined orders constitute a final, appealable judgment of all parties and all claims in the severed action. To the extent Appellant has raised this issue, he has waived it. *See* TEX.R.APP.P. 38.1. Issue One is waived.

In Issue Five, Appellant continues to challenge the trial court's granting of a no-evidence summary judgment. Again, Appellant is general and conclusory, and claims "[c]learly there was

legally sufficient evidence in support of one or more of [Appellant's] claims/causes of action, including for example, but not limited to, the Quiet Title, Tortuous Interference, RICO and/or Unjust Enrichment claims." Appellant does not demonstrate how the evidence was "clearly" legally sufficient to support his causes of action. The three record citations and the single legal authority referenced by Appellant within this issue do not support or relate to the legal merits of his argument; we find this amounts to no citation or support in the record and he has failed to provide proper legal authority. *See* TEX.R.APP.P. 38.1. Issue Five is waived.

### B. Issues Two, Eleven, Twelve and Thirteen

In Issues Two, Twelve, and Thirteen, Appellant references improper venue, claiming venue is proper in Andrews County, Texas, not Winkler County, Texas. Appellant states the trial court violated mandatory statutory provisions, then quickly changes course by claiming, "Trust law is clear, the attempted transfers of the TX & KS Trust properties are VOID and INVALID." In his arguments as to improper venue, Appellant discusses, at great length, how the attempted transfers of the Texas and Kansas properties violated the Uniform Fraudulent Transfer Act, as opposed to arguing the legal merits of his contentions as to venue. From what we can discern, Appellant alleges Judge John L. Pool, the presiding judge of the 109th Judicial District Court of Winkler County, Texas, was located in Andrews County, Texas on March 3, 2021, when the virtual hearings for the motions to dismiss for want of prosecution and severance, and summary judgment, were held. Nevertheless, Appellant filed suit in Winkler County, Texas; Appellant chose Winkler County as the proper venue. In any case, Appellant's failure to adequately brief why Winkler County is an improper venue and why Andrews County is proper, and his failure to direct us where in the record any complaint as to venue was raised and denied, waives any claimed error as to venue.

In Issues Eleven and Twelve, in addition to challenging venue, Appellant also claims the trial court erred by dismissing his suit without issuing findings of fact or conclusions of law as to the Kansas and Texas properties. Appellant provides no record citations or proper legal authority in support of his argument.

In Issue Thirteen, in addition to challenging venue, Appellant also claims severance was inappropriate because Appellees have "unclean hands" and are not entitled to a favorable judgment. Again, Appellant's contentions are conclusory, and he provides no record citations or proper legal authority in support of his contention.

To the extent Appellant has raised these issues, he has waived them. Issues Two, Eleven, Twelve, and Thirteen are waived. *See* TEX.R.APP.P. 38.1.

## C. Issue Three

In Issue Three, Appellant argues the trial court erred because it did not provide him with a jury trial, a status conference, scheduling orders, pretrial conferences, transfer orders, or due process because he was not given notice that the trial court resumed normal operations after closures due to COVID-19 were rescinded.

The very purpose of a summary judgment is to provide a means of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011). However, we need not reach the merits of this argument because Appellant has not provided a single record citation, and he has not cited to legal authority in support of his contentions. Issue Three is waived. *See* TEX.R.APP.P. 38.1.

## D. Issues Four and Eight

8

In Issue Four, Appellant further argues summary judgment was improper because discovery was incomplete, and Appellees abused the legal process and obstructed justice by not providing requested discovery. Here too, we need not reach the merits of this argument because Appellant has not provided a single record citation, and he has not cited to legal authority in support of his contentions. Issue Four is waived. *See* TEX.R.APP.P. 38.1.

In Issue Eight, Appellant discusses RICO to challenge the granting of summary judgment against him. Aside from failing to provide a single record citation in support of his argument, Appellant also failed to provide coherent arguments or legal authority to support any element of any cause of action, including RICO, against Appellees. Appellant merely provides conclusory statements unsupported by legal citations and record citations. Issue Eight is waived. *See* TEX.R.APP.P. 38.1.

### E. Issue Six

In Issue Six, Appellant argues his appeal was timely filed. However, this is not at issue. In a letter to Appellant dated August 13, 2021, we found the notice of appeal to be timely. Accordingly, Issue Six is denied as moot.

### F. Issue Seven

In Issue Seven, Appellant argues the trial court erred by not providing a hearing concerning dismissal and severance, and by violating due process and inadequate court procedures when quiet title ownership and property interests are at stake and a jury trial was demanded. Appellant's argument is best summarized by the following sentence:

> Obviously, the lower Court did not make a thorough reading of Plaintiff/Appellant's Affidavits with Evidences (sworn to with personal knowledge), Exhibits and pleadings NOR in it's apparent arrogance, ever admit it's own failures from inadequate Court procedures (i.e. for example and not as a limitation, no status conferences, pre-trial orders, timely rulings on motions, motion

9

reinstating case after bankruptcy, etc.) and insufficient notices- (for example, the Winkler County, TX Court should have been handling this case and should have advised the parties that it was going to have a hearing on status of bankruptcy before considering whether to dismiss the case for lack of prosecution), not to mention improper venue and lack of jurisdiction.

The following sentence is one out of five sentences that comprise the entirety of this argument. Appellant does not provide a single record or legal citation. To the extent Appellant has raised this issue, he has waived it. *See* TEX.R.APP.P. 38.1. Issue Seven is waived.

### G. Issue Nine

In Issue Nine, Appellant claims all attempted transfers of the vested ownership of the Kansas and Texas properties are void under the Uniform Fraudulent Transfer Act and "Trust laws." However, due to Appellant's failure to cite to the record or to legal authority, this issue is waived. *See* TEX.R.APP.P. 38.1. Moreover, any claims as to real property in the state of Kansas were properly dismissed as the trial court lacks jurisdiction over real property that lies beyond the boundaries of Texas. *Salem v. Salem*, No. 01-92-00706-CV, 1994 WL 389066, at *2 (Tex.App.—Houston [1st Dist.] July 28, 1994, no writ)(not designated for publication)("A Texas court has no jurisdiction over real property that lies outside the boundaries of the state."). Issue Nine is waived.

### H. Issue Ten

In Issue Ten, Appellant claims Appellees did not exhibit candor towards the tribunal, violated attorney disciplinary and ethics rules, and committed fraud upon the court. This argument is comprised of unsupported, conclusory statements. Appellant does not claim specific acts committed by Appellees, but rather, utters generalized accusations such as, "[t]here are several Motions to Compel filed by Plaintiff/Appellant in the Case Summary and exactly NONE filed by Defendant/Appellees. This should make it clear to this Court that it was certainly not Plaintiff/Appellant who was not cooperating with discovery matters." Furthermore, again

10

Appellant does not provide any record citation, and fails to provide proper legal authority—Appellant only cites to federal authority, all of which fail to properly support his conclusory contentions. To the extent Appellant has raised this issue, he has waived it. *See* TEX.R.APP.P. 38.1. Issue Ten is waived.

In sum, when an appellate issue is not supported by argument or lacks citations to the record and legal authority, nothing is presented for our review. *Anderson v. Am. Credit Acceptance*, No. 01-21-00110-CV, 2022 WL 7180376, at *2 (Tex.App.—Houston [1st Dist.] Oct. 13, 2022, no pet.)(mem. op.). Although disposing of appeals for procedural defects is disfavored, and appellate courts should reach the merits of an appeal whenever reasonably possible, we find it is not reasonable to do so here. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). The entirety of Appellant's brief lacks record and legal citations, and it does not contain substantive, coherent analysis of the legal issues presented. *See Valadez*, 238 S.W.3d at 845 (noting failure to provide citations or substantive analysis of the legal issue presented results in waiver of the complaint).

Appellant has failed to comply with Texas Rule of Appellate Procedure 38.1. Accordingly, we hold Appellant has waived all issues on appeal. *See Anderson*, 2022 WL 7180376, at *2 ("We are not responsible for identifying possible trial court error, searching the record for facts favorable to a party's position, or conducting legal research to support a party's contentions."); TEX.R.APP.P. 38.1(i)(requiring an appellant's brief to contain clear and concise argument for contentions made, with appropriate citations to authorities and the record).

## **CONCLUSION**

For these reasons, we affirm. All pending motions are denied.[2]

---

[2] Appellant's motion to supplement the record filed on October 8, 2021, is denied.

11

YVONNE T. RODRIGUEZ, Chief Justice

November 2, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.