COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-12-00353-CV |
| IN THE INTEREST OF | § | Appeal from |
| B.R.F. AND M.A.F. | § | 171st District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 2008CM0018) |
| | § | |

## **O P I N I O N**

M.F., n/k/a M.B., (Mother) appeals the trial court's Order on Notice of Changed Status, which ordered her to pay current child support in the amount of $257 per month to M.J.F. (Father). Although it was signed on November 15, 2012, the order directed support payments to begin effective January 1, 2012. These retroactive support orders are at issue on appeal. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

Mother and Father are divorced and have two children, both of whom currently reside with Father. The original order in suit affecting the parent child relationship is dated May 13, 2009. In November 2011, the Office of the Attorney General, in conjunction with Father, filed a Notice of Change of Status and Motion for Further Orders seeking a modification of conservatorship and an order of support. Mother filed an answer arguing that there had been no

significant change in the status of her children and that child support was unnecessary. Following a hearing, the court appointed Father as the sole managing conservator of the children and appointed Mother as possessory conservator. Mother was ordered to pay child support in the amount of $257 per month retroactive to January 1, 2012.

## RETROACTIVE CHILD SUPPORT

In her sole issue for review, Mother challenges the court's jurisdiction to "back date" an order for current child support. Specifically, she complains that the court only ordered her to pay *current* child support and, as a result, she is only obliged to make payments prospectively from date the order was signed.

### *Standard of Review*

Whether a trial court has subject matter jurisdiction is a question of law and subject to *de novo* review. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004), *citing Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In reviewing this question of law de novo, we essentially conduct a new trial and review the parties' arguments without reference to trial court proceedings. TEX.R.CIV.P. 506.3.

### *Awarding "Current" Child Support*

There are four "types" of child support that a court may order one parent to pay to the other--temporary, current, medical, and retroactive. TEX.FAM.CODE ANN. §§ 105.001(a)(2), 154.001(a), 154.181(a)(1), 154.009(a), 154.009(e)(West 2014). The trial court acquired continuing, exclusive jurisdiction at the time of divorce and may modify prior orders where the circumstances have materially and substantially changed since the date of the original order. TEX.FAM.CODE ANN. 156.401(a-1). Retroactive support is authorized by statute but it is limited to the date citation was served upon the obligor or the date of obligor's appearance, whichever

occurs earlier. TEX.FAM.CODE ANN. § 156.401(b). Within these confines, the trial court has broad discretion. *In the Interest of J.G.Z.*, 963 S.W.2d 144, 149 (Tex.App.--Texarkana 1998, no pet.). Mother was served on December 22, 2011, and the court was free to impose retroactive child support at any point after that date. The court opted for support to begin on January 1, 2012, and was thus statutorily permissible. TEX.FAM.CODE ANN. § 156.401(b). We overrule Mother's sole point and affirm the judgment of the trial court.

August 13, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.