

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

―――――――――――――

No. 02-24-00515-CV

―――――――――――――

IN THE INTEREST OF J.D., A CHILD

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. CCL-17-10-F

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this suit affecting the parent–child relationship involving Appellant A.G.[1] (Mother), Appellee G.D. (Father), and J.D. (Son), Mother—proceeding pro se—appeals from the trial court's "Order in Suit To Modify Parent[–]Child Relationship." In what we construe as her two issues, Mother argues that the trial court erred by (1) not interviewing Son pursuant to Family Code Section 153.009 and (2) not addressing issues of child support and medical support. *See* Tex. Fam. Code Ann. § 153.009. We will hold that Mother has inadequately briefed these issues. We will further hold that even if Mother had adequately briefed these issues, they should still be rejected because Mother did not preserve the complaints in the trial court. Accordingly, we will affirm the trial court's order.

## II. BACKGROUND

Mother and Father were married in April 2007. Their child, Son, was born in August 2009. In January 2010, Mother filed a petition for divorce. The trial court signed a divorce decree dissolving the marriage in October 2010. Over the ensuing years, the parties engaged in numerous proceedings in the trial court pertaining to

---

[1]To protect J.D.'s identity, we refer to him and his parents by their familial relationship. *See* Tex. Fam. Code Ann. § 109.002(d).

their possession of Son and the fulfillment of their obligations under the divorce decree.[2]

In the latest round of proceedings, Mother filed a petition to modify the parent–child relationship in August 2023. Mother requested that she be appointed Son's sole managing conservator; that the court lift previously imposed geographic restrictions on Son's primary residence; that Father have no right to possession or access to Son; and that the trial court change its current orders regarding child support, medical support, and dental support. As to the reason for changing the trial court's orders, Mother maintained that "the child is at least 12 years of age and will tell to the Court in chambers that she or he prefers that I have the exclusive right to determine his or her residence." That same month, Father filed a counterpetition to modify the parent–child relationship.[3] Father requested that Mother's access to and possession of Son should be denied or continuously supervised.

In August 2024, the trial court held a final hearing on the petitions to modify. Mother represented herself at the hearing, and both Mother and Father testified. At

---

[2]The parties do not detail these various proceedings in their respective briefs, and because discussion of the various proceedings is not pertinent to our disposition of this appeal, neither do we, with the exception of the most recent proceeding. *See* Tex. R. App. P. 47.1.

[3]Around that same time, Father filed a petition for writ of habeas corpus, arguing that he was entitled to possession of Son and that Mother was illegally restraining Son in violation of the trial court's orders. The trial court issued the writ and ordered that Mother immediately return Son to Father.

the conclusion of the hearing, the trial court stated that it was granting Father's petition and denying Mother's petition. Following the hearing, the trial court signed the "Order in Suit To Modify Parent[–]Child Relationship."[4] This appeal followed.

### III. DISCUSSION

#### A. Inadequate Briefing

We begin our analysis by addressing whether Mother has adequately briefed her appellate complaints.

##### 1. Applicable Law

Rule 38.1 of the Texas Rules of Appellate Procedure contains specific requirements for an appellant's brief. *See* Tex. R. App. P. 38.1. To comply with Rule 38.1, an appellant's brief must, among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Merely uttering brief, conclusory statements unsupported by citation to legal authorities does not satisfy briefing requirements. *In re A.N.G.*, 631 S.W.3d 471, 476 (Tex. App.—El Paso 2021, no pet.). Indeed, "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Similarly, when an appellant fails to cite the

---

[4]The trial court originally signed an order on September 16, 2024, but it later signed a corrected order on October 16, 2024. When speaking of the trial court's "order" in this opinion, we are referring to the corrected order.

record to support an appellate issue, the appellant waives that complaint. *Floyd v. Floyd*, No. 02-23-00193-CV, 2024 WL 3714176, at \*2 (Tex. App.—Fort Worth Aug. 8, 2024, no pet.) (mem. op.).

In reviewing for briefing waiver, we are required to construe briefs liberally so as not to waive the right to appellate review. *In re I.J.K.*, No. 08-22-00055-CV, 2023 WL 3153645, at \*4 (Tex. App.—El Paso Apr. 28, 2023, pet. denied) (mem. op.) (citing *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020)). And we should hesitate to resolve cases on procedural defects and instead work to resolve cases on their merits. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020). Even still, "[w]e are not responsible for identifying possible trial court error, searching the record for facts favorable to a party's position, or conducting legal research to support a party's contentions." *In re J.O.A.M.*, No. 01-23-00691-CV, 2024 WL 1169432, at \*23 (Tex. App.—Houston [1st Dist.] Mar. 19, 2024, no pet.) (mem. op.). "Were we to engage in such activities, we would be abandoning our role as judges and taking on the role of advocate for that party." *Id.* (citing *Valadez*, 238 S.W.3d at 845).

These briefing requirements apply to pro se litigants, who are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *In re S.O.*, No. 02-23-00480-CV, 2024 WL 2066378, at \*6 (Tex. App.—Fort Worth May 9, 2024, no pet.) (mem. op.).

5

## 2. Analysis

Here, the entirety of the substantive portions of Mother's brief—the sections containing her "Statement of Facts," "Statement of Case," "Summary of Argument," and "Argument"—comprises less than one page of her brief. Notably, Mother's brief is entirely devoid of record citations. The entirety of Mother's "Argument" section of her brief consists of the following paragraph:

> I argue whether the county court abused its discretion by finalizing an order without the child stating his experiences, despite the history of abuse from the custodial parent (his dad). Removing any opportunity for [Son] and I to have a strong [and] thriving parent[–]child relationship. And basing child/medical support on an opinion rather than the codes outlining how to determine my obligation. These errors have caused a disconnection in our family and has caused a financial strain, taking 50% of my income, making it difficult to manage basic needs of food, shelter[, and] clothing for myself and my children. It is my prayer that the COA will sort this out and offer a better solution for the child [and] all who are involved.

Mother's argument section seems to complain about two issues—one relating to the trial court not interviewing Son and the other relating to child support and medical support. But Mother fails to provide any record references to support those complaints, fails to offer any analysis as to what Son would have told the trial court during the interview and what would be the appropriate amount of child support and medical support, and fails to provide any explanation as to how her complaints would necessitate a reversal of the trial court's order. Accordingly, we hold that Mother has inadequately briefed her appellate issues. *See S.O.*, 2024 WL 2066378, at *6 (holding that father inadequately briefed issue when he "fail[ed] to provide any record

references in support of his argument . . . and fail[ed] to explain how [his] complaint would necessitate a reversal of the termination order"); *Scott v. Smith*, No. 02-22-00276-CV, 2024 WL 1318234, at *1–2 (Tex. App.—Fort Worth Mar. 28, 2024, no pet.) (mem. op.) (holding that wife's complaint regarding her entitlement to spousal support was inadequately briefed when she "d[id] not tell us on what basis she was entitled to support or where in the record we may find evidence showing her entitlement to the support"); *In re A.H.*, No. 02-21-000402-CV, 2022 WL 1682422, at *6 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (holding that mother inadequately briefed appellate issue when she did not provide any record citations in support of her issue and failed to explain how the trial court's alleged failure caused the rendition of an improper judgment).

## B. Preservation

Even if Mother had adequately briefed her appellate complaints, we would still reject them because Mother did not preserve them in the trial court.

### 1. Applicable Law

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A); *see ETC Mktg., Ltd. v. Harris Cnty. Appraisal Dist.*, 528 S.W.3d 70, 74 (Tex. 2017). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

7

The objecting party must also get a ruling—either express or implied—from the trial court. Tex. R. App. P. 33.1(a)(2)(A), (b); *see Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002). If the trial court refuses to rule, the party preserves error by objecting to that refusal. Tex. R. App. P. 33.1(a)(2)(B). If the trial court does not rule and the party does not object to the refusal to rule, error is not preserved. *Id.*

### 2. Analysis

In what we construe as her first issue, Mother argues that the trial court erred by not interviewing Son pursuant to Family Code Section 153.009. *See* Tex. Fam. Code Ann. § 153.009. Section 153.009(a) of the Family Code provides, "In a nonjury trial or at a hearing, *on the application of a party . . .* , the court shall interview in chambers a child 12 years of age or older . . . to determine the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence." *Id.* § 153.009(a) (emphasis added).

Here, Mother did not make any application in which she requested that the trial court interview Son pursuant to Section 153.009(a).[5] Nor did she bring up the issue at the hearing on the motions to modify. Accordingly, Mother has failed to preserve this issue. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also J.A.T. v. C.S.T.*, 641 S.W.3d 596, 618–

---

[5]While her petition to modify mentioned as a reason for changing the trial court's orders that Son would tell the trial court in chambers that he preferred that Mother have the exclusive right to determine Son's residence, Mother does not point us to anywhere in the record where she made such a request that the trial court interview Son, and we have found no such request in our review of the record.

19 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (holding that father did not preserve complaint that trial court did not interview child under Section 153.009 when he did not request such an interview in the trial court); *In re J.S.*, No. 05-16-00138-CV, 2017 WL 894541, at *2 (Tex. App.—Dallas Mar. 6, 2017, no pet.) (mem. op.) (holding that mother failed to preserve her complaint that trial court did not interview children in chambers pursuant to Section 153.009(a) because, although mother requested interview in written motion, she did not raise the issue again at bench trial).

In what we construe as her second issue, Mother argues that the trial court erred by not addressing issues of child support and medical support. We have reviewed the hearing on the motions to modify, and at no point during that hearing did Mother make any argument or offer any evidence relating to child support and medical support. The trial court gave Mother ample opportunity to do so, repeatedly inquiring if she had anything to add to her testimony and asking her at the end of the hearing, "Did you have any additional witnesses or other evidence you would like to offer?" Mother told the trial court, "I don't."

Accordingly, Mother has failed to preserve her complaints regarding child support and medical support because she did not raise them with the trial court. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also Pagare v. Pagare*, 344 S.W.3d 575, 582 (Tex. App.—Dallas 2011, pet. denied) (holding that husband did not preserve his complaint regarding trial court's award of child support when he did not first present his complaint to trial court); *In re M.W.*, No. 05-08-01353-CV, 2010 WL 27977, at *5

9

(Tex. App.—Dallas Jan. 7, 2010, no pet.) (mem. op.) ("The record reflects no complaint to the trial court by motion, objection, or otherwise about previously ordered child support. Accordingly, we conclude that [f]ather did not preserve this argument." (citation omitted)); *Sanchez v. Sanchez*, No. 13-07-00207-CV, 2008 WL 3971274, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2008, no pet.) (mem. op.) (holding that wife did not preserve her "challenge [to] the child custody and the spousal maintenance/contract alimony portions of the decree" when her "motion to set aside or modify the decree did not assert these arguments").

We overrule what we construe as Mother's two issues.

## IV. CONCLUSION

Having overruled what we construe as Mother's two issues, we affirm the trial court's order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 2, 2025

10